# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NANCY KREGER,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-0841-23-0468-I-1<br>DC-0845-23-0399-I-1<br><br><br>DATE: February 20, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Duke Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Kevin D. Alexander, Sr., Karla W. Yeakle, and Maureen Kersey,
　Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decisions of the Office of Personnel Management (OPM) finding that her refunded service is not creditable in her annuity computation, she had received an annuity overpayment, and she was not entitled

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to a waiver. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective April 30, 2022, the appellant retired from the Department of Agriculture (USDA) after several periods of intermittent Federal service beginning in August 1982. *Kreger v. Office of Personnel Management*, MSPB Docket No. DC-0841-23-0468-I-1, Initial Appeal File (0468 IAF), Tab 4 at 36, 91-93. She made retirement contributions under both the Civil Service Retirement System (CSRS) and the Federal Employees' Retirement System (FERS). *Id.* at 36. At some point following the appellant's retirement, OPM authorized interim payments to her and issued a gross payment of $11,725.00 covering the period from May 1 to September 30, 2022. *Id.* at 64.

By letter dated October 4, 2022, OPM explained that the appellant had performed service during which no retirement deductions were withheld from her salary and/or for which she had received a refund of retirement deductions. *Id.* at 27-29. The letter further instructed the appellant to make an election about

making a deposit and/or redeposit so that the agency could process her retirement application. *Id.* In response, the appellant asserted that she did not receive a check refunding her retirement deductions and requested reconsideration of her retirement calculation. *Id.* at 60-61. In another letter dated October 23, 2022, OPM notified the appellant that it had overpaid her $3,579.30 in annuity benefits. *Id.* at 63-64. OPM set a repayment schedule of 21 monthly payments of $162.91 and a final payment of $158.19. *Id.* at 20. The appellant requested that OPM reconsider the existence or the amount of the overpayment and waive the overpayment. *Id.* at 20-21, 23-24.

OPM issued a final decision dated March 9, 2023, affirming its initial decision finding an overpayment of $3,579.30. *Id.* at 5-8. The appellant filed an appeal challenging its decision and requesting a hearing. *Kreger v. Office of Personnel Management*, MSPB Docket No. DC-0845-23-0399-I-1, Initial Appeal File (0399 IAF), Tab 1 at 2, 5. Shortly thereafter, OPM issued a special notice dated April 18, 2023, in response to the appellant's reconsideration request regarding her retirement calculation. 0468 IAF, Tab 4 at 4. The notice affirmed that OPM correctly calculated her Federal retirement based on its evidence that she applied for, and received a refund of, her retirement deductions. *Id.* at 4, 40-42. The appellant filed a second appeal and again requested a hearing. 0468 IAF, Tab 1 at 2, 5. The administrative judge joined the appeals for adjudication. 0468 IAF, Tab 3.

In an initial decision based on the written record, the administrative judge affirmed OPM's reconsideration decisions. 0468 IAF, Tab 18, Initial Decision (ID) at 1-2, 12. She found that the appellant did not meet her burden of proving nonreceipt of the refunded retirement deductions. ID at 5-9. She also found that OPM established by preponderant evidence an overpayment of $3,579.30. ID at 9-10. She further found that the appellant was not without fault as to the overpayment and was not entitled to a waiver or an adjustment of the repayment. ID at 9-12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a pro forma response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the appellant did not meet her burden to show nonreceipt of the refund payment.</u>

On review, the appellant disagrees with the administrative judge's determination that she requested and received a refund of her retirement deductions. PFR File, Tab 1 at 9-12. The appellant bears the burden to prove her entitlement to a retirement annuity by preponderant evidence. *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 71, *aff'd per curiam*, 950 F.2d 731 (Fed. Cir. 1991) (Table). An individual's receipt of retirement deductions for a period of service generally voids her right to a retirement annuity for that period absent a redeposit of those deductions. 5 U.S.C. §§ 8334(d)(1), 8342(a); *Rint*, 48 M.S.P.R. at 72; 5 C.F.R. §§ 831.112(a), 831.303(b). Thus, at a minimum, the appellant must prove by preponderant evidence that she did not receive the payment in question. *Rint*, 48 M.S.P.R. at 71.

Here, the administrative judge found that, based on the agency's documentary evidence, the appellant requested and received a refund of her retirement deductions for $13,954.14. ID at 5-9. The appellant challenges this finding on review, reasserting her claims that she did not apply for or receive a refund check. PFR File, Tab 1. Because the administrative judge's findings are based on the written record, the Board is free to reweigh the evidence and make its own findings without deferring to her credibility findings. *See Deskin v. U.S. Postal Service*, 76 M.S.P.R. 505, 510 (1997) (finding that the Board may substitute its own credibility determinations for an administrative judge's explicit or implicit credibility findings when such findings are not based on the demeanor of witnesses); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). We have reviewed the record and, for the reasons below, find

no reason to disturb the administrative judge's decision.  ID at 5-9; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant reiterates on review that she did not apply for or receive a refund check authorized by OPM and argues that her tax returns corroborate her assertion.  PFR File, Tab 1 at 9-12.  We are not persuaded.  As explained in the initial decision, the evidence does not support a finding that someone else forged the appellant's CSRS application for a refund of retirement deductions.  ID at 6-7.  As for the appellant's tax documents in the record, we find that they are not probative evidence of her nonreceipt of the $13,954.14 refund.[2]  0468 IAF, Tab 4 at 43-46.  The appellant also argues, for the first time on review, that when the USDA reinstated her to Federal service, it "specifically provide[d] that [she] ha[d] not requested any refunds."  PFR File, Tab 1 at 9.  In support of this argument, she submits a USDA form dated July 20, 2000, which purportedly certifies that she did not apply for a refund.  *Id.* at 18.  While the form reflects the period of service related to the refund, August 2, 1982, to July 12, 1991, there are asterisks beside both her prior FERS service from March 1, 1998, to January 2, 1999, and the statement that the "[i]ndividual has NOT applied for a refund."  *Id.* Therefore, the USDA form is related to her FERS, not her CSRS retirement contributions.  *Id.*

The appellant reasserts on review that OPM failed to produce a copy of the check or a record that it was "sent, received, cashed, or cancelled"; however, she bears the burden of proving nonreceipt of the refunded retirement deductions, and she has not met her burden.  *Id.* at 10-12; 0468 IAF, Tab 17 at 9-10; *see*

---

[2] The appellant's tax documents include 1993 Federal and state tax forms that she submitted to the Internal Revenue Service, and wage and tax statements from the University of Pennsylvania.  0468 IAF, Tab 4 at 43-46.  We cannot conclude that she proved nonreceipt based on these documents alone.

*Manoharan v. Office of Personnel Management*, 103 M.S.P.R. 159, ¶ 12 (2006). The Board has held that normal office records, compiled in the ordinary course of business, are admissible and are entitled to substantial weight. *Rint*, 48 M.S.P.R. at 72. Further, OPM is not required to produce definitive proof of an appellant's actual receipt of payment, such as a canceled Treasury check, when its ability to produce such evidence is impaired by an appellant's lengthy delay in raising her claim of nonpayment. *See Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 686 (1997) (finding that OPM was prejudiced by a 25-year delay in raising a claim of nonreceipt of a check); *see also DeLeon v. Office of Personnel Management*, 49 M.S.P.R. 369, 373 (1991) (finding that OPM was prejudiced by a 23-year delay in raising a claim of nonreceipt of a check). In such circumstances, the Board has found that OPM's record of an appellant's application for a refund, combined with records reflecting that it authorized payment, is sufficient to establish that the appellant received the refund. *DeLeon*, 49 M.S.P.R. at 372-73; *Rint*, 48 M.S.P.R. at 72. The Board has also found that if an appellant can show that she placed OPM on notice that she did not receive the requested refund within a period of time such that OPM could have ascertained whether the check it mailed was negotiated, she may be able to carry her burden to establish that the refund was not paid. *See Manoharan*, 103 M.S.P.R. 159, ¶ 18 (finding that the appellant informing OPM of his nonreceipt of a check less than 4 months after its apparent mailing would have allowed OPM to ascertain the status of the check).

As the administrative judge correctly explained below, OPM's normal business records demonstrate that the appellant applied for and that OPM authorized a refund of her CSRS retirement contributions in 1993 as well as an Individual Retirement Record showing an authorization for a refund check for

$13,954.14 on August 9, 1993.[3] 0468 IAF, Tab 4 at 41, 53, 58, 106. For the first time on review, the appellant also submits a printout of OPM's refund archive data, which she explains does not indicate a cancellation date or transaction date to show that a check for $13,954.14 was ever issued or received. PFR File, Tab 1 at 10, 19. However, the printout indicates that the voucher information is unavailable because it is over 9 years old. *Id.* at 19. As such, there is no evidence that the check was not processed, and there is no evidence showing nonreceipt of the refund by the appellant. In the present appeal, there is an almost 29-year delay between when OPM issued the refund check and when the appellant applied for retirement benefits and claimed nonreceipt of the refund check. *Id.* at 4, 58, 91-93. Because of the delay in raising the claim, and because the only definitive record of actual payment is not available, OPM would be unduly prejudiced were we to require that it produce definitive proof of actual receipt of the check. *See Rint*, 48 M.S.P.R. at 72. Accordingly, in weighing OPM's documentary evidence against the appellant's unsupported assertions, we agree with the administrative judge that the appellant has not overcome the evidence to the contrary and proven by preponderant evidence that she did not request or receive a refund of her retirement deductions in 1993.

<u>The administrative judge correctly found that OPM proved the existence and amount of the overpayment.</u>

OPM bears the burden of showing the existence and the amount of an annuity overpayment by a preponderance of the evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); *see* 5 C.F.R. § 845.307(a). The administrative judge concluded that OPM met this burden, finding that the appellant did not challenge its overpayment calculation and that

---

[3] As recognized in the initial decision, OPM's initial submission showed only the middle section of the appellant's refund application. ID at 5 n.3; 0468 IAF, Tab 4 at 41, 53. OPM resubmitted the complete form; however, the top portion of the page is not included. ID at 5 n.3; 0468 IAF, Tab 4 at 106. However, the signature and address boxes are complete and legible on each page. 0468 IAF, Tab 4 at 41, 53, 106.

she was not entitled to credit for Federal service for the periods of service for which she received a refund. ID at 9-10. The appellant argues on review that no overpayment exists because she never received a refund of her retirement contributions. PFR File, Tab 1 at 11-12. Her argument is unavailing. As set forth above, we agree with the administrative judge that the appellant did not establish by preponderant evidence that she did not receive a refund of her retirement contributions. The record also reflects that the interim payments the appellant received exceeded the amount of her accrued annuity due. 0468 IAF, Tab 4 at 6, 64. Therefore, we find no basis to disturb the administrative judge's finding that OPM proved the existence and amount of the overpayment by preponderant evidence.

The administrative judge correctly determined that the appellant is not entitled to waiver of the overpayment or an adjustment of the repayment schedule.

If OPM meets its burden, the appellant then has the burden of proving by substantial evidence that she is entitled to a waiver or adjustment of the overpayment. *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. §§ 845.307(b), 1201.56(b)(2)(ii). Recovery of an overpayment may be waived when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 845.301. A recipient of an overpayment is without fault if she performed no act of commission or omission that resulted in the overpayment. *Vojas*, 115 M.S.P.R. 502, ¶ 19; 5 C.F.R. § 845.302. Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that she relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012); 5 C.F.R. § 845.303.

Here, the administrative judge found that the appellant was not entitled to a waiver of repayment. ID at 10-11. Specifically, she found that the appellant did not establish that she was without fault in creating the overpayment and that her

claimed financial hardship is not an exceptional circumstance warranting a waiver of recovery. *Id.* We agree. We are not persuaded by the appellant's arguments on review that she is entitled to a waiver. PFR File, Tab 1 at 12-14. We recognize that the appellant asserts that she relied on the estimates from the agency, which did not include a record of the 1993 refund. *Id.* at 13-14. Nonetheless, as explained above, she did not prove nonreceipt of the refund; thus, she is not entitled to credit for Federal service for the periods of service for which she received a refund. *See Rint*, 48 M.S.P.R. at 72. Accordingly, there is no basis to waive recovery of the overpayment.

An annuitant who is ineligible for a waiver may nonetheless be entitled to an adjustment in the recovery schedule if she shows that it would cause her financial hardship to make payment at the rate scheduled. *Maseuli v. Office of Personnel Management*, 111 M.S.P.R. 439, ¶ 10 (2009); 5 C.F.R. § 845.301. Here, the administrative judge determined that the appellant did not establish entitlement to an adjustment of the repayment schedule because she did not submit a Financial Resources Questionnaire or provide any other information about her finances. ID at 12. She has not challenged this finding on review and we discern no basis to disturb it.

Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.